**Ronald KEAL, Petitioner—Appellant,**

v.

**James BLODGETT, Respondent—Appellee.**

No. 00–35611.

D.C. No. CV–99–05265–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Sept. 27, 2002.

---

**2.** All outstanding motions are denied as moot.

---

Before BEEZER, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM *

Ronald Keal appeals the district court's decision that his petition for writ of habeas corpus is untimely. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub.L. No. 104–132, codified in 28 U.S.C. § 2244(d), establishes a one-year statute of limitations for filing a writ of habeas corpus in federal court. This one-year period generally starts running when the judgment in state court becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). All parties agree that if Keal's one-year period began running at the time of final judgment, May 5, 1997, his current petition is untimely.

AEDPA, however, provides several grounds for delaying the start of the one-

year period. Section 2244(d)(1)(D) provides that the one-year period does not commence until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Keal argues in his opening brief that the clock did not start running until "just before June 4, 1997," when he allegedly discovered evidence that his attorney had withdrawn from representing him in a prior unrelated proceeding because of a conflict of interest.

Even if we accept Keal's argument that the new evidence provides a factual predicate for his habeas claim, his petition is still untimely. The triggering date for newfound evidence is the date when such evidence could have been discovered with the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). If Keal could have with due diligence discovered the evidence more than three days before June 4, 1997, when he filed his second restraint petition, then his petition is untimely.

Several facts suggest that Keal could have with due diligence discovered the evidence significantly before this June 4th date. First, Keal knew that his lawyer, Sheri Arnold, had been removed in the 1990 proceeding. Second, Keal was aware of a conflict of interest with Arnold in the 1993 proceedings because he stated this as a basis for relief in his first personal restraint petition filed in 1995. Third, the "new" evidence alleged as supporting the 1993 conflict claim was in a public court record and could easily have been found at any point. Fourth, a diligent person would arrange with his relatives to inform him promptly of any new facts discovered in his case.

Finally, the only reasonable inference from the record is that Keal in fact discov-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ered the evidence much earlier than three days before June 4, 1997. His wife states that she was alerted to the evidence in the winter of 1995/1996 and that she reviewed the court records showing the conflict some time not long after that winter. Mrs. Keal also states that she informed Keal by phone of what she had found. Although her declaration does not specify a date for that communication, it does indicate that she notified Keal fairly soon after her discovery. Keal's declaration also suggests that he knew of the evidence long before June 11, 1997, the date on which he received the relevant documents. Keal does not provide a specific date on which he found out about the conflict. Nor does he use the "just before June 4" language in his declaration. Instead, he states that he found out about the evidence in 1997. It is, however, clear from his declaration that he was informed of the existence of the evidence while at the Washington State Penitentiary, and the declaration indicates that this telephone communication took place well before Keal's transfer to the Washington Corrections Center at Shelton on June 11, 1997.

We conclude from the record before us that a person exercising due diligence could have discovered the evidence more than three days before June 4, 1997. In addition, Keal's and his wife's declarations indicate that Keal in fact did discover the evidence prior to this time. For all of the reasons stated above, his petition is untimely. Unlike *Hasan v. Galaza,* 254 F.3d 1150 (9th Cir.2001) there is no need to remand for an evidentiary hearing because there is sufficient evidence in the current record to make a determination as to due diligence.

AFFIRMED.